UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

[ON REMOVAL FROM CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CASE NO.: 2015-017572 CA 01]

ZAYDA V. DIAZ
and other similarly situated individuals,

       Plaintiff,

vs.

MEKKA MIAMI GROUP CORP.,
a Florida Profit Corporation,
JOSEPH GUAGLIARDO and
MICHAEL SLYDER, Individually,

       Defendant (s).
_____/

## PETITION FOR REMOVAL

Defendants, Mekka Miami Group Corp., Joseph Guagliardo and Michael Slyder ("collectively Defendants") by and through their understand counsel and pursuant to 28 U.S.C. §1331, 1367, 1441 and 1446, hereby remove this action currently pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida to The United States District Court for the Southern District of Florida. The removal of this action is based on the following:

    1.    On or about, July 31, 2015, Plaintiff filed her Complaint in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida titled ZAYDA V. DIAZ and other similarly situated individuals vs. MEKKA MIAMI GROUP CORP., a Florida Profit Corporation,, JOSEPH GUAGLIARDO, Individually, CASE NO.: 2015-017572 CA 01

(hereinafter referred to as the "State Action".)  A true and correct copy of all documents that were filed in the State Action are attached hereto as Composite Exhibit A, and are incorporated herein by reference pursuant to Rule 10(c), Federal Rules of Civil Procedure.  No other process, pleadings or orders have been served upon Defendants in this action.

2.      On or about, September 3, 2015, Plaintiff filed her Amended Complaint in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida titled ZAYDA V. DIAZ and other similarly situated individuals vs. MEKKA MIAMI GROUP CORP., a Florida Profit Corporation,, JOSEPH GUAGLIARDO, Individually, and MICHAEL SLYDER, individually, CASE NO.: 2015-017572 CA 01 (hereinafter referred to as the "State Action".)

3.      A copy of the Amended Complaint in the State Action was served on Defendants, Mekka Miami Group Corp., and Joseph Guagliardo on or about September 14, 2015.

4.      On or about January 22, 2016, Defendants, Mekka Miami Group Corp and Joseph Guagliardo, entered into an Agreed Order with Plaintiff, quashing service on Mekka Miami Group Corp and Joseph Guagliardo and also vacating the Default entered against Mekka Miami Group Corp.  Mekka Miami Group Corp and Joseph Guagliardo's undersigned attorney agreed to accept service on behalf of Mekka Miami Group Corp and Joseph Guagliardo as part of the Agreed Order Quashing Service.  Service effectively occurred on January 22, 2016 on Mekka Miami Group Corp and Joseph Guagliardo.  This constituted Defendants, Mekka Miami Group Corp and Joseph Guagliardo's first legal notice of the State Action for purposes of removal.

5.      Defendant, Michael Slyder, was served on February 9, 2016.  This constituted Defendant, Michael Slyder's first legal notice of the State Action for purposes of removal.

6.      The Amended Complaint seeks damages pursuant to the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201-219. See Complaint at ¶ 15, 19, 21, 22, 25, 32, 34, 38, 47, 74, 75, 76, and 77.

7.      This is a civil action of which the United States district courts have original jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under FSLA, laws of the United States.

8.      Under federal question jurisdiction, the United States district courts "have original jurisdiction over all civil actions arising under federal law."  See 28 U.S.C. §1331.  Any civil case filed in state court may be removed by defendants to federal court if the case could have been originally brought in federal court.  See Ayers v. Gen. Motors Corp., 234 F. 3d 514, 517 (11th Cir. 2000) Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996). Furthermore, where a removable claim or cause of action is joined with one or more otherwise non-removable claims or causes of action, "the entire case may be removed and the district court may determine all issues therein."  28 U.S.C. §1441(c).

9.      For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. §1441.

10.     The Petition for Removal is filed within thirty (30) days after the date on which the last named Defendants first received notice of the Circuit Court Action.  See 28 U.S.C. §1446 (b).

11.     Defendants have, simultaneously with the filing of this Notice, given written Notice to the Plaintiff as required by 28 U.S.C. §1446(d).

12.     A copy of this Notice has simultaneously been filed with the Clerk of the Circuit Court in and for Miami-Dade County, Florida as required by 28 U.S.C. §1446(d).

13.     This Petition for Removal has been timely filed within 30 days after receipt of service by Defendants of the initial pleading setting forth the claim for relief upon which removal is based.  See 28 U.S.C. §1446(b).

14.     Plaintiff's Complaint also alleges a claim for unpaid minimum wages. See Amended Complaint§ 65, 66, 67, 68, 69, and 72.  This Court may exercise supplemental jurisdiction over Plaintiff's pendant state law claim as it may rise out of the same facts and circumstances as Plaintiff's federal claim.

**WHEREFORE,** Defendants, Mekka Miami Group Corp, a Florida Profit Corporation, Joseph Guagliardo, Individually, and Michael Slyder, Individually, hereby removes this case to the United States District Court for the Southern District of Florida.

Respectfully Submitted,

COVE & ASSOCIATES, P.A.
Attorney for Defendant
225 South 21st Avenue
Hollywood, FL  33020
Telephone:  (954) 921-1121
Facsimile:  (954) 921-1621
E-mail:  tje@covelaw.com

By: ___/Tiffany J. Eaton/_____
        Tiffany J. Eaton, Esq.
        Fla. Bar No. 180221

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  18th  day of February 2016 I caused a true and correct copy of the foregoing Defendants' Petition for Removal was sent via CM/ECF to:  Jason S.

Remer, Esq., jremer@rgpattorneys.com and Remer & Georges-Pierre, PLLC 44 West Flagler

St., Suite 2200, Miami, FL 33130.

COVE & ASSOCIATES, P.A.
Attorney for Defendant
225 South 21st Avenue
Hollywood, FL  33020
Telephone:  (954) 921-1121
Facsimile:  (954) 921-1621
E-mail:  tje@covelaw.com

By:  ___/Tiffany J. Eaton/_____
      Tiffany J. Eaton, Esq.
      Fla. Bar No. 180221

Filing # 30364902 E-Filed 07/31/2015 05:29:17 PM

COMPOSITE EXHIBIT A

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

I.      **CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.:_____
Judge: _____

ZAYDA V DIAZ
Plaintiff
        vs.
MEKKA MIAMI GROUP CORP, JOSEPH GUAGLIARDO
Defendant

II.      **TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more
   ☐ Homestead residential foreclosure $0 – 50,000
   ☐ Homestead residential foreclosure $50,001 - $249,999
   ☐ Homestead residential foreclosure $250,000 or more
   ☐ Non-homestead residential foreclosure $0 - $50,000
   ☐ Non-homestead residential foreclosure $50,001 - $249,999
   ☐ Non-homestead residential foreclosure $250,00 or more
   ☐ Other real property actions $0 - $50,000

☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical
   ☐ Malpractice – other professional
☒ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☐ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☒ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

COMPOSITE EXHIBIT A

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
- ☒   Monetary;
- ☐   Non-monetary
- ☐   Non-monetary declaratory or injunctive relief;
- ☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION:** (     )
   (Specify)

   <u>5</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐   Yes
- ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒   No
- ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒   Yes
- ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Jason S Remer</u>        FL Bar No.: <u>165580</u>
     Attorney or party                                                    (Bar number, if attorney)

     <u>Jason S Remer 07/31/2015</u>
     (Type or print name)                                              Date

Filing # 30364902 E-Filed 07/31/2015 05:29:17 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO:_____

ZAYDA V. DIAZ,
and other similarly situated individuals,

      Plaintiff,

vs.

MEKKA MIAMI GROUP CORP.,
a Florida Profit Corporation and
JOSEPH GUAGLIARDO, Individually,

      Defendants.

_____/

## COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, Plaintiff, ZAYDA V. DIAZ ("Plaintiff"), on behalf of herself and other

employees and former employees similarly situated, by and through undersigned counsel, files

this Complaint against Defendants, MEKKA MIAMI GROUP CORP., a Florida Profit

Corporation and  JOSEPH GUAGLIARDO, Individually ("Defendant") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated individuals for damages

   exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor

   Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"),

   Article X, Section 24 of the Florida Constitution, and the Florida Minimum Wage Act

   (the "FMWA") to recover unpaid overtime and minimum wage compensation, an

additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, MEKKA MIAMI GROUP CORP., having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, JOSEPH GUAGLIARDO. is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MEKKA MIAMI GROUP CORP.

6. Venue is proper in Miami Dade because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff was employed with Defendant as a non-exempt employee from approximately 2011 through June 2014.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. During the time period from 2011 through June 2014., Defendant failed to compensate Plaintiff at the required minimum wage and at rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week. Plaintiff should be compensated at the correct minimum wage and the rate of one and a half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.

12. When Plaintiff complained about the Defendants' refusal to pay overtime compensation, she was terminated in a retaliatory manner. Plaintiff was terminated because she complained about her due and owing overtime wages, and not for any other reason.

## COUNT I
### Wage & Hour Federal Statutory Violation Against
### MEKKA MIAMI GROUP CORP

13. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

14. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his

employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

15. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

16. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

17. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

18. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

19. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

20. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was

made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

21. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

22. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
*Wage & Hour Federal Statutory Violation Against*
*JOSEPH GUAGLIARDO*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

24. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

25. At the times mentioned, Defendant JOSEPH GUAGLIARDO, had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

26. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

27. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

28. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these

wages since the commencement of Plaintiff's employment with Defendant as set forth above.

29. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

30. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

31. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

32. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

33. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

34. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

35. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

H. Award Plaintiff an equal amount in double damages/liquidated damages; and

I. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
*FMWA Violation Against*
*MEKKA MIAMI GROUP CORP*

36. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 35 of this complaint as if set out in full herein.

37. This action is brought by Plaintiff and other similarly-situated individuals to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, Fla. Stat. §§448 *et seq.*, and specifically under the provisions of Fla. Stat. § 448.110.

38. Defendant business activities involve those to which the Florida Minimum Wage Law applies.

39. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire.

40. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE,** Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

**COUNT IV**
*FMWA Violation Against*
*JOSEPH GUAGLIARDO*

41. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 40 of this complaint as if set out in full herein.

42. This action is brought by Plaintiff and other similarly-situated individuals to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, Fla. Stat. §§448 *et seq.*, and specifically under the provisions of Fla. Stat. § 448.110.

43. Defendant business activities involve those to which the Florida Minimum Wage Law applies.

44. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire.

45. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

46. At the times mentioned, Defendant JOSEPH GUAGLIARDO, had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

47. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

48. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

49. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *FLSA Retaliation Violation Against*
### *MEKKA MIAMI GROUP CORP*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 49 of this complaint as if set out in full herein.

51. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this

Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

52. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

53. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

54. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____          Respectfully submitted,

_____

**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO:_____

ZAYDA V. DIAZ,
and other similarly situated individuals,

       Plaintiff,

vs.

MEKKA MIAMI GROUP CORP.,
a Florida Profit Corporation and
JOSEPH GUAGLIARDO, Individually,

       Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** MEKKA MIAMI GROUP CORP., through its Registered Agent:

GUAGLIARDO, JOSEPH
3050 SW 1ST AVE
MIAMI, FL 33129

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

       JASON S. REMER, ESQ.
       REMER & GEORGES-PIERRE, PLLC.
       44 WEST FLAGLER STREET
       SUITE 2200
       MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                            DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO:_____

ZAYDA V. DIAZ,
and other similarly situated individuals,

       Plaintiff,

vs.

MEKKA MIAMI GROUP CORP.,
a Florida Profit Corporation and
JOSEPH GUAGLIARDO, Individually,

       Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** JOSEPH GUAGLIARDO

3050 SW 1ST AVE.
MIAMI, FL 33129

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

       JASON S. REMER, ESQ.
       REMER & GEORGES-PIERRE, PLLC.
       44 WEST FLAGLER STREET
       SUITE 2200
       MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____      _____
CLERK                           DATE

_____
(BY) DEPUTY CLERK

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, _Zayda Victoria Diaz_____, hereby consent, in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party plaintiff in this action against my employer, Mekka _____, and to be represented by the attorneys of REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Sign Name: _____     Date: _Jun 9, 2015_____

Print Name: Zayda Victoria Diaz _____

Signature: _Zayda V. Diaz._

Email: zdiaz@rubensteinlaw.com

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO: <u>2015-017572 CA 01</u>

ZAYDA V. DIAZ,
and other similarly situated individuals,

      Plaintiff,

vs.

MEKKA MIAMI GROUP CORP.,
a Florida Profit Corporation,
JOSEPH GUAGLIARDO and
MICHAEL SLYDER, Individually,

      Defendant (s).

———————————————————/

### AMENDED SUMMONS IN A CIVIL CASE

**TO:** MICHAEL SLYDER

3050 SW 1ST AVE.
MIAMI, FL 33129

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in the complaint. You must also file
your answer with the Clerk of this Court within a reasonable period of time after service.

———————————————————
CLERK                         DATE

———————————————————
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO: <u>2015-017572 CA 01</u>

ZAYDA V. DIAZ,
and other similarly situated individuals,

   Plaintiff,

vs.

MEKKA MIAMI GROUP CORP.,
a Florida Profit Corporation,
JOSEPH GUAGLIARDO and
MICHAEL SLYDER, Individually,

   Defendant (s).

——————————————————————/

### AMENDED SUMMONS IN A CIVIL CASE

TO: JOSEPH GUAGLIARDO

3050 SW 1ST AVE.
MIAMI, FL 33129

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

   JASON S. REMER, ESQ.
   REMER & GEORGES-PIERRE, PLLC.
   44 WEST FLAGLER STREET
   SUITE 2200
   MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in the complaint. You must also file
your answer with the Clerk of this Court within a reasonable period of time after service.

———————————————————————  —————————
CLERK             DATE


———————————————————————
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO: <u>2015-017572 CA 01</u>

ZAYDA V. DIAZ,
and other similarly situated individuals,

     Plaintiff,

vs.

MEKKA MIAMI GROUP CORP.,
a Florida Profit Corporation,
JOSEPH GUAGLIARDO and
MICHAEL SLYDER, Individually,

     Defendant (s).

_____/

## AMENDED SUMMONS IN A CIVIL CASE

**TO:** MEKKA MIAMI GROUP CORP., through its Registered Agent:

GUAGLIARDO, JOSEPH
3050 SW 1ST AVE
MIAMI, FL 33129

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                           DATE

_____
(BY) DEPUTY CLERK

Filing # 31659048 E-Filed 09/03/2015 09:37:36 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO: <u>2015-017572 CA 01</u>

ZAYDA V. DIAZ,
and other similarly situated individuals,

      Plaintiff,

vs.

MEKKA MIAMI GROUP CORP.,
a Florida Profit Corporation,
JOSEPH GUAGLIARDO and
MICHAEL SLYDER, Individually,

      Defendant (s).

_____/

## AMENDED COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, Plaintiff, ZAYDA V. DIAZ ("Plaintiff"), on behalf of herself and other

employees and former employees similarly situated, by and through undersigned counsel, files

this Amended Complaint against Defendants, MEKKA MIAMI GROUP CORP., a Florida Profit

Corporation, JOSEPH GUAGLIARDO and MICHAEL SLYDER, Individually, ("Defendant")

and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated individuals for damages

    exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor

    Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"),

    Article X, Section 24 of the Florida Constitution, and the Florida Minimum Wage Act

    (the "FMWA") to recover unpaid overtime and minimum wage compensation, an

additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, MEKKA MIAMI GROUP CORP., having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, JOSEPH GUAGLIARDO, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MEKKA MIAMI GROUP CORP.

6. Defendant, MICHAEL SLYDER, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MEKKA MIAMI GROUP CORP.

7. Venue is proper in Miami Dade because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff was employed with Defendant as a non-exempt employee from approximately 2011 through June 2014.

11. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

12. During the time period from 2011 through June 2014., Defendant failed to compensate Plaintiff at the required minimum wage and at rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week. Plaintiff should be compensated at the correct minimum wage and the rate of one and a half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.

13. When Plaintiff complained about the Defendants' refusal to pay overtime compensation, she was terminated in a retaliatory manner. Plaintiff was terminated because she complained about her due and owing overtime wages, and not for any other reason.

### COUNT I
*Wage & Hour Federal Statutory Violation Against*
*MEKKA MIAMI GROUP CORP*

14. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

15. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions

of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

16. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

17. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

18. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

19. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

20. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

21. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

22. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

23. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT II
### Wage & Hour Federal Statutory Violation Against
### JOSEPH GUAGLIARDO

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

25. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. At the times mentioned, Defendant JOSEPH GUAGLIARDO, had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

27. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

28. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

29. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

30. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

31. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

32. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

33. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

34. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was

made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

35. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

36. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

H. Award Plaintiff an equal amount in double damages/liquidated damages; and

I. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Wage & Hour Federal Statutory Violation Against*
### *MICHAEL SLYDER*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 of this complaint as if set out in full herein.

38. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

39. At the times mentioned, Defendant MICHAEL SLYDER, had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

40. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

41. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

42. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

43. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

44. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

45. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

46. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

47. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

48. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act

and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

49. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant:

K. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

L. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

M. Award Plaintiff an equal amount in double damages/liquidated damages; and

N. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

O. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT IV</u>
*FMWA Violation Against*
*MEKKA MIAMI GROUP CORP*

50. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 49 of this complaint as if set out in full herein.

51. This action is brought by Plaintiff and other similarly-situated individuals to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as

liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, Fla. Stat. §§448 *et seq.*, and specifically under the provisions of Fla. Stat. § 448.110.

52. Defendant business activities involve those to which the Florida Minimum Wage Law applies.

53. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire.

54. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

WHEREFORE, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *FMWA Violation Against*
### *JOSEPH GUAGLIARDO*

55. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 54 of this complaint as if set out in full herein.

56. This action is brought by Plaintiff and other similarly-situated individuals to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, Fla. Stat. §§448 *et seq.*, and specifically under the provisions of Fla. Stat. § 448.110.

57. Defendant business activities involve those to which the Florida Minimum Wage Law applies.

58. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire.

59. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

60. At the times mentioned, Defendant JOSEPH GUAGLIARDO, had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

61. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

62. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

63. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these

wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE,** Plaintiffs respectfully pray for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

    B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages, with interest; and

    C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

    D. Award Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

    E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *FMWA Violation Against*
### *MICHAEL SLYDER*

64. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 63 of this complaint as if set out in full herein.

65. This action is brought by Plaintiff and other similarly-situated individuals to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, Fla. Stat. §§448 *et seq.*, and specifically under the provisions of Fla. Stat. § 448.110.

66. Defendant business activities involve those to which the Florida Minimum Wage Law applies.

67. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire.

68. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

69. At the times mentioned, Defendant MICHAEL SLYDER, had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

70. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

71. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

72. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

WHEREFORE, Plaintiffs respectfully pray for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

G. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages, with interest; and

H. Award Plaintiffs an equal amount in double damages/liquidated damages; and

I. Award Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

J. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

**COUNT VII**
*FLSA Retaliation Violation Against*
*MEKKA MIAMI GROUP CORP*

73. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 72 of this complaint as if set out in full herein.

74. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

75. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

76. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

77. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C.  Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated    9-2-15

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO: 2015- 017572 CA 01

ZAYDA V. DIAZ,
and other similarly situated individuals,

    Plaintiff,

vs.

MEKKA MIAMI GROUP CORP.,
a Florida Profit Corporation and
JOSEPH GUAGLIARDO, Individually,

    Defendants.

                    /

**SUMMONS IN A CIVIL CASE**

**TO:** JOSEPH GUAGLIARDO

3050 SW 1ST AVE.
MIAMI, FL 33129

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  You must also file your
answer with the Clerk of this court within a reasonable period of time after service.

CLERK                           DATE

(BY) DEPUTY CLERK

Filing # 31842867 E-Filed 09/09/2015 12:54:35 PM

<u>RETURN OF NON-SERVICE</u>

**State of FLORIDA**          **County of MIAMI-DADE**          Circuit Court

Case Number: 2015-17572CA01

Plaintiff:
**ZAYDA V. DIAZ**
vs.
Defendant:
**MEKKA MIAMI GROUP CORP., ET. AL.,**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL  33130

Received by OJF SERVICES, INC. on the 24th day of August, 2015 at 3:24 pm to be served on JOSEPH
GUAGLIARDO, 3050 SW 1ST AVE, MIAMI, FL 33129.

I, GREG SCHULTE, do hereby affirm that on the 4th day of September, 2015 at 5:00 pm, I:

**NON-SERVED** the **SUMMONS AND COMPLAINT** at the address of 3050 SW 1ST AVE, MIAMI, FL 33129 for
the reason that I failed to find JOSEPH GUAGLIARDO or any information to allow further search.  Read the
comments below for further details.

Additional Information pertaining to this Service:
CANCELED AFTER  ATTEMPS

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A
CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS
WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING
(DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

_____
**GREG SCHULTE**
CPS #245

**OJF SERVICES, INC.**
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750
Our Job Serial Number: OJF-2015012107

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO: 2015- 017572 CA01

ZAYDA V. DIAZ,
and other similarly situated individuals,

     Plaintiff,

vs.

MEKKA MIAMI GROUP CORP.,
a Florida Profit Corporation and
JOSEPH GUAGLIARDO, Individually,

     Defendants.

## SUMMONS IN A CIVIL CASE

**TO:** MEKKA MIAMI GROUP CORP., through its Registered Agent:

GUAGLIARDO, JOSEPH
3050 SW 1ST AVE
MIAMI, FL 33129

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK

DATE    AUG 2 4 2015

12106

Filing # 31842867 E-Filed 09/09/2015 12:54:35 PM

RETURN OF NON-SERVICE

| | | |
|---|---|---|
| **State of FLORIDA** | **County of MIAMI-DADE** | **Circuit Court** |

Case Number: 2015-17572CA01

Plaintiff:
ZAYDA V. DIAZ
vs.
Defendant:
MEKKA MIAMI GROUP CORP., ET. AL.,

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 24th day of August, 2015 at 3:24 pm to be served on MEKKA MIAMI GROUP CORP.,, 3050 SW 1ST AVE, MIAMI, FL 33129.

I, GREG SCHULTE, do hereby affirm that on the 4th day of September, 2015 at 5:00 pm, I:

**NON-SERVED** the **SUMMONS AND COMPLAINT** at the address of 3050 SW 1ST AVE, MIAMI, FL 33129 for the reason that I failed to find MEKKA MIAMI GROUP CORP., or any information to allow further search. Read the comments below for further details.

Additional Information pertaining to this Service:
CANCELED AFTER ATTEMP

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

GREG SCHULTE
CPS #245

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750
Our Job Serial Number: OJF-2015012106

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO: 2015-017572 CA 01

ZAYDA V. DIAZ,
and other similarly situated individuals,

     Plaintiff,

vs.

MEKKA MIAMI GROUP CORP.,
a Florida Profit Corporation,
JOSEPH GUAGLIARDO and
MICHAEL SLYDER, Individually,

     Defendant (s).

_____/

### AMENDED SUMMONS IN A CIVIL CASE

TO: MEKKA MIAMI GROUP CORP., through its Registered Agent:

GUAGLIARDO, JOSEPH
3050 SW 1ST AVE
MIAMI, FL 33129

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK _____ DATE

SEP  4 2015

(BY) DEPUTY CLERK

OJF SERVICES, INC
954 929 4215
WWW.OJFSERVICES.COM

printing document                                                                     Page 1 of 2

Filing # 34657780 E-Filed 11/19/2015 12:54:36 PM

## RETURN OF SERVICE

State of FLORIDA                County of MIAMI-DADE                Circuit Court

Case Number: 2015-17572CA01

Plaintiff:
ZAYDA V. DIAZ
vs.
Defendant:
MEKKA MIAMI GROUP CORP., ET. AL.,

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC, on the 8th day of September, 2015 at 9:29 am to be served on MEKKA MIAMI GROUP CORP., 3050 SW 1ST AVE, MIAMI, FL 33129.

I, GREG SCHULTE, do hereby affirm that on the 14th day of September, 2015 at 8:45 pm, I:

CORPORATE - REGISTERED AGENT: served by delivering a true copy of the SUMMONS AND AMENDED COMPLAINT with the date and hour of service endorsed thereon by me, to: JOSEPH GUAGLIARDO as Registered Agent At the address of: 3050 SW 1ST AVE, MIAMI, FL 33129 for MEKKA MIAMI GROUP CORP., and informed said person of the contents therein, in compliance with state statutes.

Additional Information pertaining to this Service:
JOSEPH GUAGLIARDO ANSWERED TO HIS NAME, BUT THEN CLAIMED IT WAS NOT HIM. THE CONTENTS OF THE DOCUMENTS WERE EXPLAINED AND THEY WERE LEFT.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

_____
GREG SCHULTE
CPS #245

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750
Our Job Serial Number: OJF-2015012808

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO: 2015-017572 CA 01

ZAYDA V. DIAZ,
and other similarly situated individuals,

     Plaintiff,

vs.

MEKKA MIAMI GROUP CORP.,
a Florida Profit Corporation,
JOSEPH GUAGLIARDO and
MICHAEL SLYDER, Individually,

     Defendant (s).

_____/

### AMENDED SUMMONS IN A CIVIL CASE

TO: JOSEPH GUAGLIARDO

3050 SW 1ST AVE.
MIAMI, FL 33129

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in the complaint. You must also file
your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK                      DATE    **SEP**   2015

(BY) DEPUTY CLERK

MILITARY
YES   NO

Filing # 34657780 E-Filed 11/19/2015 12:54:36 PM

## RETURN OF SERVICE

| | | |
|---|---|---|
| **State of FLORIDA** | **County of MIAMI-DADE** | **Circuit Court** |

Case Number: 2015-17572CA01

Plaintiff:
ZAYDA V. DIAZ

vs.

Defendant:
MEKKA MIAMI GROUP CORP., ET. AL.,

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 8th day of September, 2015 at 9:29 am to be served on JOSEPH GUAGLIARDO, 3050 SW 1ST AVE, MIAMI, FL 33129.

I, GREG SCHULTE, do hereby affirm that on the 14th day of September, 2015 at 8:45 pm, I:

INDIVIDUAL/PERSONAL: served by delivering a true copy of the SUMMONS AND AMENDED COMPLAINT to: JOSEPH GUAGLIARDO at the address of: 3050 SW 1ST AVE, MIAMI, FL 33129 with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

Military Status: The person served with said documents refused to state whether or not the Defendant is in the Military Service of the United States of America.

Additional Information pertaining to this Service:
JOSEPH GUAGLIARDO ANSWERED TO HIS NAME, BUT THEN CLAIMED IT WAS NOT HIM. THE CONTENTS OF THE DOCUMENTS WERE EXPLAINED AND THEY WERE LEFT.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. *UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE. 92.525.

GREG SCHULTE
CPS #245

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750
Our Job Serial Number: OJF-2016012809

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

| □ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| □ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL | **NOTICE OF DEFAULT NOT ENTERED** | 15-17572-CA01 |
| □ FAMILY | | |
| □ DISTRICTS | | |

| PLAINTIFF(S)/PETITIONER(S) | VS. | DEFENDANT(S)/RESPONDENT(S) | |
|---|---|---|---|
| Zayda V Diaz | | Mekka Miami Group Corp | |

A MOTION FOR DEFAULT WAS SUBMITTED AGAINST: Joseph Guagliardo

A default will not be entered by the Clerk against this defendant(s)/respondent(s) for one or more of the following reasons:

A - □ MOTION FOR DEFAULT IS UNSIGNED OR DOES NOT HAVE AN ORIGINAL SIGNATURE.

B - □ ORIGINAL, NOTARIZED PROOF OF PUBLICATION NEEDS TO BE FILED.

C - □ NEEDS PROOF OF SERVICE:
    1 - □ Our records indicate no executed service on defendant(s)/respondents. Check your records.
    2 - □ Submit copy of the Service Return as per AO #01-02.

D - ☒ NON-MILITARY AFFIDAVIT FOR INDIVIDUAL DEFENDANT(S)/RESPONDENT(S) REQUIRED. IF AFFIDAVIT IS INCORPORATED IN INITIAL PLEADINGS, THE PLEADING MUST BE ACKNOWLEDGED UNDER OATH.

E - □ ANSWER OR OTHER PAPER FILED BY DEFENDANTS(S)/RESPONDENTS(S).

F - □ THE CLERK IS UNABLE TO ENTER A DEFAULT ON SERVICE BY PUBLICATION FOR ONE OR MORE OF THE FOLLOWING REASONS:
    1 - □ Notice of action mailed by the Clerk has been returned undelivered.
    2 - □ Residence of defendant(s)/respondents(s) is unknown.

G - □ SUMMONS SERVED ON :
    1 - □ Out of State defendant (s)/respondent (s)    3 - □ John and/or Jane Doe
    2 - □ Secretary of State    4 - □ Unknown tenant

**CLERK NOT AUTHORIZED TO ENTER THE DEFAULT.**

H - □ CLERK NOT AUTHORIZED TO ENTER THE DEFAULT FOR ONE OF THE FOLLOWING REASONS:
    1 - □ Amended Service Return
    2 - □ Lost Summons Affidavit filed.

I - □ OTHER REASON(S) AS FOLLOWS: _____

J - □ SUBMIT MOTION AND ORDER TO JUDGE FOR DEFAULT NAMING DEFENDANT(S)/RESPONDENT(S) TO BE DEFAULTED.

**PLEASE ATTACH A COPY OF THIS *NOTICE OF DEFAULT NOT ENTERED* WHEN SUBMITTING REQUESTED PLEADINGS NEEDED FOR PROCESSING MOTION FOR DEFAULT AND DEFAULT.**

A copy of this notice was mailed to a moving party that requested entry of the default on    11 / 25 / 15

**FOR INFORMATION DIAL: (305) 275-1155**

| HARVEY RUVIN CLERK OF COURTS | BY [signature] DEPUTY CLERK | DATE 11 / 25 / 15 |
|---|---|---|

White - Case File    Yellow - Plaintiff/Petitioner or Plaintiff Attorney/Petitioner's Attorney

CLK/CT 169 Rev.3/10    Clerk's web address: www.miami-dadeclerk.com

'Zayda J. Diaz                                          15-17572-CA01
           vs.
Mekka Miami Group, corp.          **DEFAULT**

    A default is entered in this action against **MEKKA MIAMI GROUP, CORP.** named in

the foregoing motion, for failure to serve or file any paper as required by law.

_____    NOV 2 5 2015
CLERK                    DATE

(BY) DEPUTY CLERK   301082

Filing # 35713842 E-Filed 12/18/2015 12:08:46 PM

IN THE CIRCUIT COURT OF THE ELLEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI DADE COUNTY, FLORIDA

Case No.: 15-17572-CA01
Division: Civil_____

ZAYDA V DIAZ,
    PLAINTIFF

    And

MEKKA MIAMI GROUP CORP.,
A Florida Profit Corporation,
JOSEPH GUAGLIARDO and
MICHAEL SLYDER, Individually,

    DEFENDANT (S).

### DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AGAINST MEKKA MIAMI GROUP CORP AND JOSEPH GUAGLIARDO AND TO VACATE DEFAULT AGAINST MEKKA MIAMI GROUP CORP

COMES NOW, the Defendants, MEKKA MIAMI GROUP CORP AND JOSEPH GUAGLIARDO, by and through their undersigned counsel, for the following limited purpose of this motion to quash service and as grounds therefore state as follows:

1. The Defendant, Joseph Guagliardo was never personally served in this matter.

2. Florida Statutes Section 48.031(1)(a) provides:

(1)(a) Service of process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

3. Florida law requires strict compliance with service of process statutes.

[Because] of the importance of litigants receiving notice of actions against them, statutes governing service of process are to be strictly construed and enforced.

*SeeAero Costa Rica, Inc. v. Dispatch Servs., Inc.,* (710 So.2d 218, 219 (Fla. 3d DCA 1998); *Hauser v. Schiff,* 341 So.2d 531, 531 (Fla. 3d DCA 1977); *Schupak v. Sutton Hill Assocs.,* 707, 708 (Fla. 4th DCA 1988).

4.      Here the process server did not have any face to face contact with the person answering the intercom, they did not establish that the person answering the intercom was a person who was residing at their usual place of abode, and it is unknown whether or not the documents were left, because no documents were ever found, nor were the contents of the documents described to the person at the other end of the intercom. See affidavit of Delvis Jimenez attached hereto as Exhibit "A".

5.      Under the above mentioned circumstances, service on Defendant, Joseph Guagliardo, is invalid.

6.      In fact, Defendant Guagliardo was not at home at the time he was purportedly individually served.  See Affidavit of Guagliardo attached hereto as Exhibit "B".

7.      The Defendant corporation was never properly served in this matter.

8.      Florida Statutes Section 48.081 provides:

(1)      Process against any private corporation, domestic or foreign, may be served:

(a)      On the president or vice president, or other head of the corporation;

(b)      In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;

(c)      In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

(d)      In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

9.      Here the process server, did not have any face to face contact, with the person answering the intercom, they did not establish that the person answering the intercom was  the president, vice-president, or other head of the corporation, cashier, treasurer, secretary, general manager, director, officer, business agent and it is unknown whether or not the documents were left, because no documents were ever found, nor where the contents of the documents described to the person at the other end of the intercom. See affidavit of Delvis Jimenez attached hereto as Exhibit "A".

10.      Furthermore, pursuant to F.S. § 48.081(3)(b), "If the address of the registered agent, officer, director, or principal place of business is a residence or private mailbox, service on the corporation may be made by serving the registered agent, officer or director in accordance with s. 48.031.  See arguments 1 – 6 above which explain how s. 48.031 was not complied with either.

11.      In this instance, for service both on Defendant Guagliardo and Mekka Miami Group Corp, the process server failed to inform Defendants (because the Defendant Guagliardo, who is also the President and Registered Agent of Mekka Miami Group Corp was not at home at the time of service) of the contents of the papers that were left at the Defendants' residence.

12.      Under those circumstances the service was invalid.  See for example, *Baker v. Stearns Bank*, 84 So. 3d 1122 (Fla. 2d DCA 2012).  (Baker testified that his residence was not the usual place of abode of his houseguest that was staying for a period of 7 days.  A short term house guest is not a person residing at their usual place of abode of the person to be served. ) *Cotus v. Md. Cas. Co.*, 306 So. 2d 594 (Fla. 2d DCA 1975) (holding that a stay of a few days is insufficient to qualify that visitor to receive

substituted service); *Gamboa v. Jones*, 455 So. 2d 613, (Fla. 3d DCA 1984) (***holding***
***the same for a 10 day visitor) emphasis added.***

13.     Additionally, since service is required to be made within 120 days of filing the
initial pleading pursuant to Civ. R. Pro. 1.070(j).  The initial pleading was filed on July
31, 2015 and the summons and complaint were required to be served by November 29,
2015, with the purported service being made on November 19, 2015 just 10 days shy of
the requirement perhaps prompting the non-compliant method of service.

Wherefore, Defendants, Joseph Guagliardo and Mekka Miami Group Corp
respectfully request that this Court quash service of process and award such other and
further relief as appropriate including vacating the default against the Defendant
corporation.

COVE & ASSOCIATES, P.A.
Limited Appearance Defendants, Mekka
Miami Group Corp and Joseph
Guagliardo strictly for the purposes of
filing this Motion to Quash Service
225 South 21st Avenue
Hollywood, FL 33020
Tel. no.:  (954) 921-1121
Fax no.:  (954) 921-1621
Email:  tje@covelaw.com

By:     / Tiffany J. Eaton/
        Tiffany J. Eaton, Esq.
        Fla. Bar No. 180221

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY that a true and correct copy of the foregoing has been
served, via personal service, this 18th day of December, 2015, upon:**

Jason s. Remer, Esq.
Remer & Georges-Pierre, PLLC
44 W. Flagler Street, Suite 2200
Miami, FL 33130

<u>AFFIDAVIT OF DELVIS JIMENEZ</u>

STATE OF FLORIDA                    )

                                    )ss:

COUNTY OF MIAMI DADE                )

BEFORE ME, the undersigned authority, on this day did personally appear Delvis Jimenez, who after being first duly sworn, under oath, deposes and says:

1.  My name is Delvis Jimenez, I am over the age of 18 years old and all statements contained in this Affidavit are of my own personal knowledge.

2.  I am an acquaintance of Mr. Joseph Guagliardo since 2008 and have on occasion been a guest at his residence located at 3050 SW 1st Avenue, Miami, Florida, 33129. I have on occasion stayed at the residence when he and/or his partner are out of town on business.

3.  I was intermittently staying at Mr. Guagliardo's residence during the time the week of September 6th, 2015 through September 16th, 2015. While I do recall over the years answering the intercom when I am alone at the residence, I would never exit the home to answer anyone at the gate for safety reasons. When I have answered the intercom, I would simply inform the person that the owner is not at home or is out of town.

4.  I recall that I answered the intercom on at least one occasion during my stay in September. In those instances, I answered to the effect of "Yes, how can I help

EXHIBIT A

you?" and when asked about Mr. Guagliardo, I responded that he was not at home and immediately terminated the conversation.

5. I was not advised that any papers were being left or what the contents of those papers were.

6. I am not an employee, officer, or agent of Mekka Miami Group Corp, nor have I ever worked for Mekka Miami Group Corp. in any capacity.

7. I have never been authorized to accept service on behalf of Mr. Guagliardo or his company.

8. I am a native of Cuba and English is not my primary or first language.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Delvis Jimenez

STATE OF FLORIDA          )
                          )ss:
COUNTY OF MIAMI DADE      )

SWORN TO and subscribed before me on this ⌐7⌐ day of December 2015, by Delvis Jimenez a person of lawful age, who is personally known to me or who has produced FL Drivers License for identification, and who did take an oath.



NOTARY PUBLIC, State of Florida at Large
My Commission Expires:

## AFFIDAVIT OF JOSEPH GUAGLIARDO

STATE OF FLORIDA                    )

                                    )ss:

COUNTY OF MIAMI DADE        )

BEFORE ME, the undersigned authority, on this day did personally appear Joseph Guagliardo, who after being first duly sworn, under oath, deposes and says:

1. My name is Joseph Guagliardo, I am over the age of 18 years old and all statements contained in this Affidavit are of my own personal knowledge.

2. I have resided at 3050 SW 1st Avenue, Miami, Florida, 33129 since June 15th, 2009.

3. I understand that a process server allegedly appeared at my place of residence on September 14th, 2015 at approximately 8:45pm. I did not speak to this person or accept any documentation from him. My home is surrounded by an eight foot wall and a pedestrian gate that is locked at all times. I do not exit my home to answer anyone at the gate at night for safety reasons.

4. Furthermore, I was not at home at the time of the purported service.

Page 1 of 2                                              EXHIBIT B

5. I had a house guest staying at my house for the week of September 6th through the 16th, I never authorized him to accept service on my behalf or on behalf of any of my businesses.


FURTHER AFFIANT SAYETH NAUGHT.

_____
Joseph Guagliardo


STATE OF FLORIDA          )

                          )ss:

COUNTY OF MIAMI DADE      )


SWORN TO and subscribed before me on this ___ day of _____ 2015, by Joseph Guagliardo a person of lawful age, who is personally known to me or who has produced _known to me_____ for identification, and who did take an oath.



[notary seal]
Notary Public State of Florida
Desiree M Marrero
My Commission EE 857047
Expires 12/09/2016

_____
NOTARY PUBLIC, State of Florida at Large

My Commission Expires:

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA.

Case No.: 2015-17572-CA-01

ZAYDA V. DIAZ,

     Plaintiff,

vs.

MEKKA MIAMI GROUP, CORP. *et. al.*,

     Defendants.

                                 /

## AGREED ORDER ON DEFENDANTS' MOTIONS TO QUASH SERVICE OF PROCESS AGAINST MEKKA MIAMI GROUP CORP. AND JOSEPH GUAGLIARDO   AND TO VACATE DEFAULT AGAINST MEKKA MIAMI GROUP CORP.

THIS CAUSE, having come to be heard before the Court, upon Defendants Motion to Quash Service of Process Against Mekka Miami Group, Corp. and Joseph Guagliardo and to Vacate Default Against Mekka Miami Group, Corp., and the Court reviewing the pertinent portion of the record, entertaining the agreement of counsel, and being otherwise fully advised in the premises, it is:

**ORDERED AND ADJUDGED**, that the said Motion to Quash service of process against Defendants is hereby denied as moot where counsel for Defendants will accept service of the Complaint on behalf of Mekka Miami Group, Corp. and Joseph Guagliardo.

**ORDERED AND ADJUDGED**, that the said Motion to Vacate Default is hereby granted. Defendants have thirty days from the date of this Order to file an Answer to the Complaint.

Both sides will bear their own attorneys' fees and costs incurred in connection to the filed Motions.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 01/22/16.

JOHN SCHLESINGER
CIRCUIT COURT JUDGE

> **No Further Judicial Action Required on THIS MOTION**
> **CLERK TO RECLOSE CASE IF POST JUDGMENT**

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.
CC: All counsel of Record

printing document

6

Shut 10

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

Case No.: 2015-17572-CA-01

ZAYDA V. DIAZ,

      Plaintiff,

vs.

MEKKA MIAMI GROUP, CORP. *et. al.,*

      Defendants.

_____

SUMMONS IN A CIVIL CASE

TO:

      Michael Slyder
      3050 SW 1st Ave
      Miami, FL 33129

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S
ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days**
after service of this summons upon you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the relief demanded in the amended
complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK

JAN 2 2 2016

DATE

**MILITARY**

YES    NO

1151

OJF SERVICES, INC
954.929.4215
WWW.OJFSERVICES.COM

Filing # 37693584 E-Filed 02/11/2016 11:34:49 AM

**RETURN OF SERVICE**

| | | |
|---|---|---|
| **State of FLORIDA** | **County of MIAMI-DADE** | **Circuit Court** |

Case Number: 2015-17572CA01

Plaintiff:
**ZAYDA V. DIAZ**
vs.
Defendant:
**MEKKA MIAMI GROUP CORP., ET. AL.,**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL  33130

Received by OJF SERVICES, INC. on the 25th day of January, 2016 at 9:24 am to be served on **MICHAEL SLYDER, 3050 SW 1ST AVE, MIAMI, FL 33129.**

I, GREG SCHULTE, do hereby affirm that on the 9th day of February, 2016 at 12:20 pm, I:

**INDIVIDUAL/PERSONAL:**  served by delivering a true copy of the **SUMMONS AND AMENDED COMPLAINT** to: **MICHAEL SLYDER** at the address of: **3050 SW 1ST AVE, MIAMI, FL 33129** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. *UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE. 92.525.

GREG SCHULTE
CPS #245

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750
Our Job Serial Number: OJF-2016001151

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

